IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HOLLIE L. BLACKWELL,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**NANCY A. BERRYHILL, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>**Defendant.** )<br>_____ ) | Case No. 17-2052-CM |

## **MEMORANDUM AND ORDER**

Plaintiff Hollie L. Blackwell claims that she became disabled on April 15, 2012. She suffers from fibromyalgia, chronic pain syndrome, and degenerative disc disease. She also is being treated for depression and anxiety. In the past, plaintiff worked as a stocker, security guard, and police response advocate. She left her most recent job in April 2012. She filed this action pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g), claiming a period of disability and disability insurance benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision issued in August 2015, which stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in several ways: (1) He failed to find that plaintiff's knee pain and migraine headaches were severe impairments; (2) he failed give controlling weight to the opinion of plaintiff's treating psychiatrist, Dennis Owens; and (3) he engaged in improper credibility analysis. After reviewing the record, the court makes the following rulings.

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The court's review is limited;

-1-

it may not reweigh the evidence or replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). In evaluating whether a claimant is disabled, the ALJ engages in a five-step process. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (identifying five-step process) (citations omitted). The court will not repeat that process here, though, as the only issue the court reaches is whether the ALJ properly weighed Dr. Owens's opinion.

Dr. Owens is plaintiff's treating psychiatrist. "'Treating source medical opinions are [ ] entitled to deference,' and must be either given controlling weight or assigned some lesser weight 'using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.'" *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (quoting Social Security Ruling ("SSR") 96–2p, 1996 WL 374188, at *4)). The ALJ must give the opinion controlling weight if it is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion fails either of these tests, then the ALJ must consider a number of factors to determine the weight to give the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). The ALJ's opinion need not explicitly discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), but it must be clear that the ALJ considered every factor, *see* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); SSR 96–2p, 1996 WL 374188, at

*4 ("Treating source medical opinions . . . must be weighed using all of the factors provided . . . ."). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's reports. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289–90 (10th Cir. 1995).

The record includes over two years of treatment records by Dr. Owens. During that time period (February 2013 through June 2015), he saw plaintiff at least twenty-seven times—according to Dr. Owens, every one to three months. The record appears to generally reflect monthly visits, but many times the handwriting is difficult to decipher. Dr. Owens reported that plaintiff suffered from sleep disturbance, mood disturbance, emotional lability, recurrent panic attacks, decreased energy, anhedonia or pervasive loss of interests, difficulty concentrating, social withdrawal, and generalized persistent anxiety. He opined that plaintiff had moderate restrictions in activities of daily living; marked restrictions in maintaining social functioning; marked deficits of concentration, persistence, or pace; and repeated episodes of deterioration or decompensation in work-like settings. Further, Dr. Owens indicated that plaintiff would miss work more than four days per month as a result of her impairments. But the ALJ gave Dr. Owens's opinion little weight, finding it inconsistent with the overall medical evidence of record, including Dr. Owens's own progress notes. The ALJ gave considerable weight to the opinions of two psychologists—George W. Stern, Ph.D and Carol L. Adams, Psy.D. He also gave significant weight to the opinion of Stanley I. Mintz, Ph.D. All three of these physicians acted as nonexamining psychological consultants.

As noted, the ALJ found that Dr. Owens's opinion was inconsistent with his treatment notes. According to the ALJ, Dr. Owens's treatment notes indicated that plaintiff was more capable than Dr. Owens opined in his medical source statement. The ALJ believed that Dr. Owens relied too heavily on plaintiff's subject reports of symptoms and limitations—reports that the ALJ found not credible. He

also noted that the handwriting on the Mental Impairment Questionnaire was different from the handwriting in Dr. Owens's treatment notes.  The ALJ did not, however, inquire about any handwriting discrepancy.

The ALJ took the first required step in evaluating Dr. Owens's opinion—he considered whether it was consistent with the rest of the record.  But once he found it inconsistent, he failed to evaluate any of the six factors identified above (except consistency).  Neither did the ALJ explain why the reports of the non-treating physicians outweighed that of Dr. Owens.  The court does not require factor-by-factor analysis, *see Oldham*, 509 F.3d at 1258, but the ALJ must give some indication that he considered the applicable factors in addition to consistency.

For these reasons, the court must remand the case for further consideration by the ALJ.  The court need not consider plaintiff's other arguments, as they may be subject to change upon further consideration by the ALJ.

**IT IS THEREFORE ORDERED** that the decision of the Acting Commissioner of Social Security is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for actions consistent with this Memorandum and Order.

Dated this 29th day of November, 2017 at Kansas City, Kansas.

s/ Carlos Murguia	
**CARLOS MURGUIA**
**United States District Judge**